**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-2(c) |
|---|
| In Re:<br><br>**DAVID JONES,**<br><br>    Debtors. |
| **SCOTT UHRMANN and CHARLENE UHRMANN,**<br><br>    Plaintiff,<br><br>vs.<br><br>**DAVID JONES,**<br><br>    Defendant. |

Case No.:    11-24214 (NLW)

Adversary Pro. No.:    11-2206

Chapter 7

**MEMORANDUM DECISION**

**BEFORE:**    Hon. Judge Novalyn L. Winfield

**A P P E A R A N C E S :**

Scott & Charlene Uhrmann
12 Jennies Lane
Hackettstown, NJ 07840
Plaintiffs Pro Se

David Jones
234-236 Route 46
Budd Lake, NJ 07828
Defendant Pro Se

Before the court is Plaintiff's amended Bill of Costs, properly verified as required by 28 U.S.C. § 1924. Under Fed. R. Bankr. P. 7054 Plaintiff requests $2,851.25 as costs allowable under 28 U.S.C. § 1920. Plaintiff also cites to Fed. R. Civ. P. 54(d)(1) as a basis for allowance of costs. This is an understandable error by a pro se party, but it must be noted that no costs can be allowed under Rule 54(d)(1). Bankruptcy Rule 7054(a) explicitly states that only Rule 54(a)-(c) applies in adversary proceedings. Additionally, under either Fed. R. Bankr. P. 9011 or Fed. R. Civ. P. 56(h) (made applicable by Fed. R. Bankr. P. 7056) Plaintiff requests the additional sum of $1,348.00 representing costs incurred but not compensable under 28 U.S.C. § 1920. Moreover, Plaintiff seems to request an additional monetary sanction if the court deems it appropriate.

Because both parties are familiar with the underlying adversary proceeding I will not repeat these facts here, and deal only with the request for costs.

**A. <u>Costs allowed under 28 U.S.C. §§ 1920 and 1923</u>**

Plaintiff requests and substantiates under § 1920(3) costs for service of subpoenas as follows:

- $125.00 from Gotcha Legal Services;
- $59.95 from Guaranteed Subpoena Services, Inc.;
- $59.95 from Guaranteed Subpoena Services, Inc.;
- and $114.95 from Guaranteed Subpoena Services, Inc.

**(Total = $359.85)**

Plaintiff also requests reimbursement for transcription services:

The Plaintiff attached documentation supporting the following services:

- $127.50 from J&J Court Transcribers, Inc. from 12/20/11 (pre-trial conference);
- $82.45 from J&J Court Transcribers, Inc. from 3/13/11 (March Hearings);
- $97.00 from J&J Court Transcribers, Inc. from 4/15/11 (April Hearings);
- $107.30 from Audio Edge Transcription, LLC from 6/16/11 (341 Meeting);
- $140.25 from J&J Court Transcribers, Inc. from 7/11 (Summary Motion Transcripts)
- and $801.50 from Rosenberg & Associates from 3/13/12 (Jones Deposition).

**(Total = $1,356.00)**

These costs are compensable under § 1920(2) and are allowed.

Further, Plaintiff requests reimbursement for the cost of obtaining certified copies of certain of the Debtor's business records from the State of New Jersey as follows:

- $150.80 on 9/12/2011
- $ 60.30 on 10/17/2011

**(Total = $211.10)**

These costs are compensable under § 1920(4) as fees for exemplifications.

Plaintiff also requests copying costs to be reimbursed at the rate of $0.20 per page (the rate authorized by the bankruptcy court for copying). These charges are allowable under § 1930(4), and the court allows the following as reasonably related to discovery and the summary judgment motion:

- Plaintiff's Adversary Complaint  183 pages = $36.60
- Defendant's Answer 19 pages = $3.80
- Plaintiff's Reply 5 pages = $1.00
- Plaintiff's Discovery submission #1 to Defendant 137 pages = $27.40
- Plaintiff's First Discovery request 13 pages = $2.60
- Defendant's Response to Discovery Request 30 pages = $6.00
- Plaintiff's Discovery submission #2 to Defendant 109 pages = $21.80
- Plaintiff's Motion to Compel Discovery 36 pages = $7.20
- Plaintiff's pre-trial memo 7 pages = $1.40
- Defendant's Motion to Dismiss 11 pages = $2.20
- Plaintiff's Amended Adversary Complaint  17 pages = $3.40
- Defendant's Answer to Amended Complaint 24 pages = $4.80
- Plaintiff's 2nd Request for Discovery 8 pages = $1.60
- Plaintiff's Discovery submission #3 to Defendant 75 pages = $15.00
- Notice of intent to Depose Tammy Jones 2 pages = $.40
- Plaintiff's Notice to Defendant of intent to subpoena TD Bank records 2 pages = $.40
- Plaintiff's letter requesting adjournment 1 page = $.20
- Plaintiff's Discovery submission #4 to Defendant 30 pages = $6.00
- Plaintiff's Discovery submission #5 to Defendant 68 pages = $13.60
- Plaintiff's Discovery submission #6 to Defendant 62 pages = $12.40
- Plaintiff's Summary Judgment Motion 713 pages =$142.60
- Defendant's Motion to Dismiss 11 pages = $2.20
- Plaintiff's Proposed Findings of Fact 879 pages = $175.80
- Plaintiff's Motion for Costs 11 pages = $2.20

**(Total = $490.60)**

Plaintiff also requests as filing fees under § 1920(1) PACER transactions as follows:

| | |
|---|---|
| October 2011 Quarterly Statement | $18.88 |
| January 2012 Quarterly Statement | $34.16 |
| April 2012 Quarterly Statement | $ 6.56 |
| July 2012 Quarterly Statement | $72.30 |

**(Total = $131.90)**

These fees are disallowed as they do not fall within any of the categories identified in § 1920, except perhaps § 1920(1) which permits fees of the clerk and marshal to be taxed as costs. However, the fees that can be charged by the clerk of the bankruptcy court are those specifically enumerated in 28 U.S.C. § 1930 and the Appendix to § 1930. In fact, § 1930(e) explicitly provides that "the clerk of the court may collect only the fees prescribed under this section."

Significantly, neither § 1930 nor the Appendix identify PACER charges as a fee that can be charged by the clerk. As a result, it appears to this court that PACER charges cannot be taxed as costs. See also, Doria v. Class Action Serv., LLC, 261 F.R.D. 678, 686 (S.D. Fla. 2009)(Pacer charges not allowed); Bandera v. City of Quincy, et al., 220 F. Supp. 2d 26, 48 (D. Mass. 2002)(§ 1920 does not recognize PACER charges); In re Olick, 2008 WL 3837759 at *9 (Bankr. E.D. Pa. 2008)(see collective cases cited at footnote 24).

With regard to § 1923, the docket fee of $20.00 allowed under that section is a permissible cost that may be taxed under § 1920(5) and is allowed.

**(Total = $20.00)**

### B. Sanctions requested under Rule 9011 and Rule 56(h)

Plaintiff requests sanctions under Federal Rule of Bankruptcy Procedure 9011(a)(b)(1) and (3) and Federal Rule of Civil Procedure 56(h). However, such an allowance is not properly requested in connection with the taxation of costs under § 1920. In connection with this court's grant of summary judgment no sanctions were permitted, and the present request is untimely and not properly a component of a Bill of Costs.

### CONCLUSION

Taxable costs under § 1920 are allowed in the amount of $ 2,437.55

Dated: October 25, 2012            __/S/_____
                                    NOVALYN L. WINFIELD
                                    United States Bankruptcy Judge